UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FIVE POINTS CENTER, LLC, et al.,<br><br>　　　　Defendants. | Case No.18-cv-05551-JSC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STAY**<br><br>Re: Dkt. No. 42 |

　　　　Plaintiff Scott Johnson filed this action against Five Points Center, LLC and Starbucks Corporation regarding disability access barriers he encountered while visiting a Starbucks store. Plaintiff's motion to stay proceedings pending resolution of the appeals filed in *Johnson v. Blackhawk Centercal*, No. 19-15759 (9th Cir.) and *Kong v. Mana Investments Company, LLC*, No. 19-55577 (9th Cir.), which concern the same counter issue as in the instant case is now pending before the Court. (Dkt. No. 42.) After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the August 22, 2019 hearing, and GRANTS Plaintiff's motion to stay.

## BACKGROUND

　　　　Plaintiff uses a wheelchair for mobility as a result of his physical disabilities. (Dkt. No. 1 at ¶ 1.) In December 2017, March 2018, May 2018, June 2018, and July 2018, Plaintiff visited the Starbucks at 1900 El Camino in Redwood City. (*Id.* at ¶ 18.) During these visits he encountered numerous access barriers including crowded transaction counters and non-compliant entrance door hardware. (*Id.* at ¶¶ 22, 25-27.)

　　　　Plaintiff filed this action on September 11, 2018. On July 1, 2019, Plaintiff filed the

1 underlying motion to stay proceedings. (Dkt. No. 42.) The parties thereafter consented to have
2 this matter reassigned to a magistrate judge and the case was reassigned to the undersigned. (Dkt.
3 Nos. 43, 45, 46.) The motion to stay is now fully briefed.

**DISCUSSION**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to grant a stay, a court may weigh the following: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (internal citations and quotation omitted). However, "[o]nly in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. A district court's decision to grant or deny a *Landis* stay is a matter of discretion. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). The proponent of a stay has the burden of proving such a discretionary stay is justified. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Here, Plaintiff moves for a stay pending disposition of two appeals in the Ninth Circuit Court of Appeals addressing the exact same issue regarding Defendant Starbucks's counter practices as are at issue here. *See Johnson v. Blackhawk Centercal*, No. 19-15759 (9th Cir.); *Kong v. Mana Investments Company, LLC*, No. 19-55577 (9th Cir.) Given that the Ninth Circuit's decision in these cases will directly affect any merits determination in the instant case regarding the counter practices issue, the *Landis* factors weigh strongly in favor of staying this action pending *Blackhawk* and *Kong*. While Starbucks argues that it would be prejudiced by the stay given that this case involves an additional door hardware claim not at issue in *Blackhawk* and *Kong*, and that resolution of this different issue will be needlessly delayed while the case is stayed, delay alone does not constitute prejudice. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268-69 (9th Cir.

1962) (finding delay in obtaining relief insufficient to show irreparable injury or a miscarriage of justice). Further, Starbucks objects to bifurcating the counter practices issue and the door hardware issue contending that staying the counter practices issue while the door hardware issue is litigated could result in double recovery for the Plaintiff. However, proceeding on the counter practices issue while the Ninth Circuit is considering the legality of the very practice challenged here would be inefficient and potentially lead to inconsistent results. *See Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may…find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). Finally, Starbucks's claim of prejudice and harm is further undermined by the fact that they have stipulated to a stay in at least ten actions in this district involving the same counter practice issue. *See Johnson v. Starbucks Corp.*, No. 18-CV-06842-KAW, 2019 WL 3220273, at *2 (N.D. Cal. July 17, 2019) (collecting cases).

Accordingly, the Court concludes that a stay is appropriate in this action. Any prejudice to Starbucks is outweighed by the efficiency and simplification of the issues which will result from a stay given that the Ninth Circuit decision will likely be determinative of the counter issue.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for a stay pending appeal is GRANTED. (Dkt. No. 42.) Within 14 days of resolution of the appeals, the parties shall submit a joint status report.

**IT IS SO ORDERED.**

Dated: August 1, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3